IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )  )  Plaintiff, ) ) vs. ) DAMON W. SKAGGS, )  ) Defendant. ) | ) Dist. No. 03-cr-40079-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on a limited remand from the United States Court of Appeals for the Seventh Circuit pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). *Paladino* set forth a procedure to address criminal cases on appeal where the district court imposed a sentence prior to the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). In *Booker*, the Supreme Court found the application of mandatory federal sentencing guidelines as written unconstitutional. *Id.* at 746, 749-50. However, the Supreme Court held that the proper remedial measure to save the guidelines was to strike the portions of the Sentencing Reform Act of 1984 that make application of the guidelines mandatory as opposed to advisory: 18 U.S.C. §§ 3553(b)(1) and 3742(e). *Id.* at 764-67. Those provisions having been stricken from the Sentencing Reform Act, judges, "while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Id.* at 767; *see* 18 U.S.C. § 3553(a)(4) & (5). *Paladino* asks sentencing courts to determine whether particular sentences would be any different under advisory sentencing guidelines. *Paladino*, 401 F.3d at 484.

On December 2, 2003, the defendant was charged by superseding indictment with conspiracy to manufacture, distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §

841(a)(1) and § 841(b)(1)(A); all in violation of Title 21 U.S.C. § 846.  The charge carried a mandatory minimum penalty of ten years to life, five years supervised release and a fine of up to $4,000,000.  On May 17, 2004, Skaggs pled guilty to the charge pursuant to a plea agreement.  A stipulation of facts was also entered into between the parties.  The stipulation provided that the relevant conduct attributable to the defendant was between 1.5 and 5 kilograms of a mixture or substance containing methamphetamine.

At the sentencing hearing on October 15, 2004, the Court found that Skaggs' relevant conduct was between 1.5 and 5 kilograms of methamphetamine and went on to adopt the findings in the presentence report and found that Skaggs' guideline range was 188 to 235 months.  Skaggs had filed objections to the presentence report, but withdrew said objections on the date of the sentencing hearing.  The Court sentenced Skaggs to serve 188 months imprisonment, five years supervised release, a fine of $200, and a special assessment of $100.  The defendant filed a timely notice of appeal on October 29, 2004.

On June 29, 2005, the Court of Appeals ordered a limited remand of this case for the Court to determine whether, if it was required to re-sentence Skaggs after *Booker* and under advisory sentencing guidelines, it would reimpose the original sentence.  *See Paladino*, 401 F.3d at 484.  The Court solicited the views of counsel and each side has made written submission.  The government argues that Skaggs' sentence is reasonable under 18 U.S.C. § 3553.  On the other side, the defendant argues that this Court should sentence the defendant to a lesser sentence for two reasons: (1) the offense statutory mandatory minimum of 120 months is sufficient and (2) the defendant's age and history of substance abuse as well as other history and characteristics of the defendant calls for a lesser sentence than the one this Court originally imposed.

The Court has reviewed the memoranda and has determined that if it was required to re-sentence Skaggs after *Booker* and under advisory sentencing guidelines, it would

impose the same sentence.  The Court has considered all the factors set forth in 18 U.S.C. § 3553(a) and believes that the 188-month sentence, which was at the bottom end of the advisory guidelines, is sufficient but not greater than necessary to effect the purposes of the Sentencing Reform Act of 1984.

The Court **DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeals.

**IT IS SO ORDERED:**

Dated:  October 21, 2005

                                   s/ J. Phil Gilbert
                                   **U. S. District Judge**